UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-23818 -RAR

**TRISTAN CRAIG**, *on behalf of herself and all others similarly situated*,

      Plaintiff,

v.

**NOVA SOUTHEASTERN UNIVERSITY**,

      Defendant.
_____/

## ORDER GRANTING STAY AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE CASE

**THIS CAUSE** is before the Court upon the parties' Joint Response to the Court's Order to Show Cause [ECF No. 17] ("Joint Request for Stay") filed on December 10, 2020, indicating the parties agree to stay this matter in its entirety until this Court rules on the two dispositive motions pending in the earlier filed and essentially identical action—*Leo Ferretti, Individually and on Behalf of All Others Similarly Situated v. Nova Southeastern University, Inc*., Case No. 20-CV-61431-RAR ("First Nova Case").

A district court has broad discretion to stay proceedings incident to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 683 (1997). However, "[w]hen a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay." *Ortega Trujillo v. Conover & Co. Commons, Inc.,* 221 F.3d 1262, 1264 (11th Cir. 2000). "A stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Landis v. North American Co.*,

299 U.S. 248, 257 (1936).  The scope of a stay, including its potential duration, and the reasons for the stay are factors to be considered when a district court is determining whether to exercise its discretion to implement a stay of proceedings under its jurisdiction pending resolution of related proceedings elsewhere.  *Ortega Trujillo*, 221 F.3d at 1264.

Mindful of the Eleventh Circuit's admonition that stays of an indefinite nature are "immoderate," *id*., the Court shall exercise the discretion at its disposal to fashion the instant stay such that its force will be spent within reasonable limits.   Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Joint Request for Stay [ECF No. 17] is **GRANTED**.

2. All further proceedings in this action are hereby **STAYED** for a duration of **six (6) months** from the date of this Order or until this Court rules on the Motion to Dismiss and the Motion to Strike the Class Allegations ("Motion to Dismiss and Motion to Strike") pending in the First Nova Case, whichever is sooner.

3. Within **fourteen (14) days** of the Court ruling on both the Motion to Dismiss and the Motion to Strike, the parties shall file a joint status report and submit memoranda as to their respective positions on the effect of the Court's ruling in the First Nova Case on the instant matter. At that point, the Court will consider the parties' submissions and reassess the propriety of any further stay by written order.  *Cf. Ortega Trujillo*, 221 F.3d at 1264 n.3 (holding a stay remaining in effect until the resolution of related proceedings indefinite in scope, despite the district court's requirement of status reports every three months, because the district court would not be guaranteed to reassess the propriety of the stay and could instead ignore the reports and leave the stay in effect).

4. This Order shall not prejudice the rights of the parties to this litigation.

5. The Court shall retain jurisdiction and the case shall be restored to the active docket upon motion of a party if circumstances change so that this action may proceed to final disposition.

6. The Clerk shall **CLOSE** this case for administrative purposes only. Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 10th day of December, 2020.

                                        **RODOLFO A. RUIZ II**
                                        **UNITED STATES DISTRICT JUDGE**

cc:   counsel of record